**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No. 5:21-cr-00361-JDW** |
| **v.** | : | |
| | : | |
| **VICTOR LUIS RIVERA** | : | |

## MEMORANDUM

There's a bedrock principle in American jurisprudence: lower courts must follow the binding precedent of higher courts. For me, that means that if the Supreme Court or the Third Circuit has decided an issue, it's not for me to predict whether a higher court might overrule itself. Instead, I have to apply the decisions of those courts faithfully, until such time as they overrule themselves. When it comes to sentencing, there's binding precedent from the Third Circuit that holds that judges, not juries, decide whether a defendant has prior convictions that might enhance his sentence. Although the Government wants me to take a different approach, its argument would have me predict that the Third Circuit would reconsider its position in light of a recent Supreme Court decision. That prediction is not mine to make, though.

When I colloquied Victor Luis Rivera during his guilty plea hearing, I told him that he was facing a maximum penalty of 10 years in prison for being a convicted felon in possession with a gun. But I was wrong, because I didn't have a full picture of Mr. Rivera's criminal background. Had I had the necessary information at the time, I would have advised Mr. Rivera that he could be considered an armed career criminal under the law and, as such, could face a *minimum* of 15 years in prison and a maximum life sentence.

Because I would have never accepted Mr. Rivera's guilty plea without ensuring that he knew and understood this critical piece of information, there is a fair and just reason to permit him to withdraw his guilty plea as to Count 1.

## I.    RELEVANT BACKGROUND

On September 9, 2021, the Government returned an indictment against Victor Luis Rivera, charging him with violations of 18 U.S.C. § 922(g)(1) (Count 1), 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count 2), and 18 U.S.C. § 924(c)(1) (Count 3). The Parties entered into a plea agreement in which Mr. Rivera agreed to plead guilty to Counts 1 and 2 and the Government agreed to move to dismiss Count 3 at sentencing. The plea agreement represented that the Court could impose the statutory maximum sentence of 10 years' imprisonment, a 3-year periof of supervised release, a $250,000 fine, and a $100 special assessment as to Count 1. The plea agreement disclosed two prior convictions for drug-related offenses. As such, the plea agreement was silent as to whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), might apply.

On January 19, 2023, I held a hearing, and Mr. Rivera changed his plea to guilty on Counts 1 and 2. During the heaing, I advised Mr. Rivera of the minimum and maximum penalties he might face, in accordance with those set forth in the plea agreement. Neither the Government nor Mr. Rivera disclosed any additional prior convictions during the plea hearing. Thus, I did not advise Mr. Rivera that he could be subject to ACCA and face a 15 year-mandatory term of imprisonment and a maximum of life in prison.

2

Following the plea hearing, the United States Probation Office submitted a Presentence Investigation Report that reveals that Mr. Rivera has two additional prior convictions for drug-related offenses. Given his four prior drug-related convictions, it is likely that Mr. Rivera would qualify as an armed career criminal under the ACCA and be subject to the mandatory minimum of 15 years in prison. However, on August 31, 2023, the Government submitted a Sentencing Memorandum arguing that the ACCA does not apply because the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022) requires a jury to determine if a defendant had the prior convictions that the ACCA requires.

Upon reviewing the Government's sentencing memorandum, I held a conference call with counsel to express my concerns about the Government's position. Following that call, I continued the sentencing and directed the Parties to submit briefing as to: "(a) whether the application of 18 U.S.C. § 924(e) is mandatory, (b) whether the holding in *Wooden v. United States*, 142 S. Ct. 1063 (2022) implicitly overturned the Third Circuit Court Of Appeals's decision in *United States v. Blair*, 734 F.3d 218 (3d Cir. 2013), in light of the Supreme Court's instruction in *Mallory v. Norfolk Southern Railway Co.*, 143 S. Ct. 2028, 2038 (2023), and (c) how the Court should handle any gaps in the plea colloquy in this case." (ECF No. 31.) Mr. Rivera did not do any of those things. Instead, he filed a Motion To Withdraw Guilty Plea On Count One (ECF No. 32), arguing that 18 U.S.C. § 922(g)(1) violates the Second Amendment of the U.S. Constitution and is therefore

unconstitutional. The Government submitted a response in opposition, taking care to address the issues I flagged, and Mr. Rivera's motion is ripe for disposition.

## II.    LEGAL STANDARD

After the Court accepts a guilty plea, but before it imposes a sentence, a defendant may withdraw his plea if he"can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "When evaluating whether there are 'fair and just' reasons for a withdrawal of a plea, a court 'must consider three factors: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal.'" *United States v. Rivera*, 62 F.4th 778, 788 (3d Cir. 2023) (cleaned up).

## III.   DISCUSSION

### A.    The ACCA

The ACCA provides that a district judge "shall" impose a minimum 15–year prison sentence and impose a fine for anyone possessing a firearm after "three previous convictions ... for a ... violent felony ... committed on occasions different from one another[.]" 18 U.S.C. § 924(e). The statute's text demonstrates Congress's intent that the sentence is mandatory. It uses the word "shall," which "connotes a requirement." *Kingdomware Tech., Inc. v. U.S.*, 579 U.S. 162, 171 (2016).  And it uses the word "and," which contrasts with the other paragraphs in Section 924, which provide that a court shall impose a prison term, impose a fine, *or* both. *See, e.g.,* 18 U.S.C. § 924(a). Thus, on its face,

the ACCA requires that a district court impose a 15-year sentence on any defendant who falls within its ambit.

Normally, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). So too for "any fact that increases the mandatory minimum." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). However, in *Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 247 (1998), the Supreme Court held that the fact of a prior conviction is a traditional sentencing factor, rather than an element of an offense that must be submitted to a jury, even if that fact increases the mandatory minimum or statutory maximum. And the Third Circuit has held that that exception survived the decision in *Apprendi*. *See United States v. Blair*, 734 F.3d 218, 226-27 (3d Cir. 2013). Thus, if I conclude that Mr. Rivera has three prior convictions, then Section 924(e) requires me to sentence him to at least 15 years in prison.

The Government suggests that the Supreme Court overruled *Almendearez-Torrez* in its decision in *Wooden v. United States*, 595 U.S. 360 (2022). That argument is puzzling, to say the least. As the Government acknowledges, the majority opinion in *Wooden* says, in no undertain terms, that it did not reach the question of "whether the Sixth Amendment requires that a jury, rather than a judge, resolve whether prior crimes occurred on a single occasion." *Id.* at 365 n.3. In a concurrence, Justice Gorsuch noted that the "constitutional question simmers beneath the surface" and voiced his view that, at some point, the Court

would have to answer that question. *See id.* at 397 n.7. In the face of those two opinions, the Government asks me to conclude that the Supreme Court not only reached the issue but overruled its prior precedent. It didn't, and I won't predict that it did.

A district court judge does not decide if a Supreme Court decision overruled a prior precedent—that's the Supreme Court's province. When a Supreme Court decision "'has direct application in a case,' … a lower court 'should follow the case which directly controls,' … even if the lower court thinks the precedent is in tension with 'some other line of decisions.'" *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) (quotation omitted). Although the Supreme Court didn't say so in *Mallory*, the same principle applies for binding Circuit authority. It's not a district judge's job to predict that intervening Supreme Court precedent will cause the Court of Appeals to overrule an existing precedent. So, it will be up to the Supreme Court to decide whether *Wooden* overruled *Almendarez-Torres* or whether the Court should do so in a future case, and it will be up to the Third Circuit to decide whether *Wooden* requires a rethinking of the decision in *Blair*.

Although the Third Circuit has not yet decided whether *Wooden* changed the responsibility for finding prior convictions under Section 924(e), at least three other Courts of Appeals have confronted the issue. And each of them has concluded that the determination is still within a judge's purview. *See United States v. Erlinger*, 77 F.4th 617, 621-22 (7th Cir. 2023); *United States v. Brown*, 67 F.4th 200, 208 (4th Cir. 2023); *United States v. Reed*, 39 F.4th 1285, 1295-96 (10th Cir. 2022), *cert. denied*, 143 S. Ct. 745 (U.S.

6

2023). Given all this, I have little trouble concluding that the *Almendarez-Torres* exception continues to apply, and I will have to determine whether Mr. Rivera is an armed career criminal subject to the ACCA's mandatory minimum.

### B.      Withdrawal Of Guilty Plea As To Count 1

Mr. Rivera moved to withdraw his guilty plea as to Count 1 based on his view that he is innocent because 18 U.S.C. § 922(g)(1) is unconstitutional, at least as applied to him. I don't have to decide whether that is a fair and just reason to permit him to withdraw his guilty plea because the Government concedes that (1) if the ACCA's sentencing enhancement applies, it is mandatory, such that I "would be required to sentence him to a minimum term of 180 months" (ECF No. 35 at 2 n.1), and (2) if Mr. Rivera is subject to the ACCA, then I should "also find that [he] has a fair and just reason to withdraw his plea as to Count One because he was not informed that he faces a 15 year-mandatory term of imprisonment and a maximum of life imprisonment." (ECF No. 35 at 6.) I agree.

Though Mr. Rivera did not rely on this particular issue when seeking to withdraw his plea, my failure to advise him that he could be subject to the ACCA is a compelling reason to permit him to withdraw his guilty plea as to Count 1. The Federal Rules of Criminal Procedure require that during plea hearings, district judges must inform defendants about "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." Fed. R. Crim. P. 11(b)(1)(H)-(I). While "not all Rule 11 errors invalidate a guilty plea[,]" my inadvertent omission of vital

sentencing information affects Mr. Rivera's substantial rights. *United States v. Powell*, 269 F.3d 175, 180 (3d Cir. 2001).

Simply put, had I known that Mr. Rivera had at least three prior felony drug convictions, I would not have permitted him to plead guilty to Count 1 without any reference to the ACCA in the plea agreement or without addressing the issue during my colloquy. *See United States v. Ebel*, 299 F.3d 187, 191 (3d Cir. 2002) ("[W]hen [a] Rule 11 error has been committed in the taking of a guilty plea, [the court] can consider the record as a whole to determine whether, under Rule 11(h), [the defendant's] substantial rights were affected."). Indeed, other judges have reached the same conclusion when a defendant's potential exposure under the ACCA did not come to light until after a guilty plea. *See, e.g.*, *United States v. Hines*, 378 F. App'x 133, 134 (3d Cir. 2010) (recounting that district court advised the defendant that "he could withdraw his guilty plea because of the erroneous sentencing representation" made during the plea colloquy where the judge was unaware of the defendant's criminal history). Finally, permitting Mr. Rivera to withdraw his guilty plea will not prejudice the Government or its case, and the Government does not contend otherwise. Thus, because there is a fair and just reason to permit Mr. Rivera to withdraw his guilty plea as to Count 1, I will grant his motion.

## IV.    CONCLUSION

It's still my decision whether the ACCA applies to Mr. Rivera. But I didn't explain that to him at his plea colloquy, so he lost the opportunity to make a knowing, intelligent

8

decision to plead guilty. He could face a 15 year mandatory term of imprisonment and a maximum of life imprisonment under ACCA. He deserves to know that before pleading guilty, and the fact that he didn't know it is a fair and just reason to permit Mr. Rivera to withdraw his guilty plea as to Count 1. An appropriate Order follows.

**BY THE COURT:**

_/s/ Joshua D. Wolson_
JOSHUA D. WOLSON, J.

October 17, 2023